IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03121-BNB

JULIE HOFFMAN,

    Plaintiff,

v.

MONARCH CASINO BLACKHAWK,

    Defendant.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Julie Hoffman, filed a Complaint (ECF No. 1) *pro se* . The court must construe the Complaint liberally because Ms. Hoffman is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Hoffman will be ordered to file an amended complaint if she wishes to pursue her claims in this action.

    The court has reviewed the Complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet

these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Hoffman's claims in the Complaint arise out of her former employment at a casino, and she attaches to the Complaint a copy of a Dismissal and Notice of Rights she received from the United States Equal Employment Opportunity Commission (EEOC). Ms. Hoffman also attaches to the Complaint a chronological statement describing a number of incidents that allegedly occurred while she was employed at the casino. However, Ms. Hoffman fails to provide a short and plain statement of any specific claims showing she is entitled to relief because she makes only vague and conclusory references to age and gender discrimination, 42 U.S.C. § 1983, and the Family and Medical Leave Act. Ms. Hoffman must identify the specific claims she is asserting and she must allege specific facts in support of each claim. If Ms. Hoffman intends to assert in this action the claims she presented to the EEOC, she should attach to her amended complaint a copy of the administrative complaint she filed with the EEOC if it is available.

The general rule that *pro se* pleadings must be construed liberally has limits and

"the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Ms. Hoffman will be ordered to file an amended complaint that clarifies the claims she is asserting in this action. Ms. Hoffman must identify, clearly and concisely, the specific claims she is asserting and the specific factual allegations that support each asserted claim. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."). Accordingly, it is

ORDERED that Ms. Hoffman file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that Ms. Hoffman shall obtain the appropriate court-approved pleading form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Ms. Hoffman fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED November 19, 2013, at Denver, Colorado.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge